[Sac. No. 4934. In Bank.—September 2, 1936.]

THE PEOPLE, Respondent, v. GLENDALE AND MONT-
ROSE RAILWAY COMPANY, Appellant.

O'Melveny, Tuller & Myers, William W. Clay and James
M. Irvine, Jr., for Appellant.

U. S. Webb, Attorney-General, and R. L. Chamberlain,
Deputy Attorney-General, for Respondent.

THE COURT.—This is an appeal from a judgment for
taxes in favor of the state. Defendant railway company was,

during the year 1930, engaged in business as a railroad company within the state of California. It operated as a common carrier of freight and passengers, and its property consisted mainly of tracks, rights of way, rolling stock and buildings. The gross receipts from its business in 1930 amounted to $64,267.59. Late in 1930 the company was granted permission by the Railroad Commission to abandon its operations as a common carrier. However, it continued to perform certain services under a contract with Los Angeles and Salt Lake Railroad Company at Los Angeles, using two locomotives, a work car, and certain other equipment. The bulk of its tracks and other property was not used in its railroad business in 1931.

In March, 1931, the assessor of Los Angeles County classified all such unused property as nonoperative and assessed a local tax thereon for that year. Defendant acquiesced in this classification. Also in March, 1931, the state board of equalization levied its gross receipts tax under the provisions of the California Constitution, article XIII, section 14, as it then read, and section 3664a of the Political Code. In conformity with the statutory procedure, the tax of $4\frac{1}{4}$ per cent was computed upon the gross receipts of the preceding year, 1930. This amounted to $2,731.38. Defendant objected to the amount, and tendered the sum of $464.39, which was refused. Thereupon the state brought this action and recovered judgment for $3,072.79, the full amount of the assessment with interest and costs. Defendant appealed.

■ Defendant's contention is that the gross receipts tax is a property tax, imposed on property which is operative on the first Monday in March of the year in which the tax is levied, and that the receipts or income for the preceding year simply constitute the measure thereof. Accordingly it is concluded that the levy of a tax during 1931, when only a small part of the property was in use, based on income received during the previous year when all the property was in use, is contrary to the purpose of the statute and is constitutionally objectionable as double taxation. Defendant proposes that a proportionate reduction in the tax be made by considering the value of the property abandoned and that retained in use.

We are unable to concur in this view. The statutory procedure, by which the previous year's income is made the basis for the following year's tax, is a practical and reasonable one which has been accepted as constitutional, and it is difficult to see how a fair measure could be otherwise devised. The legislature undoubtedly has power to determine any such method of measuring the tax, and it is not bound to make special provision for adjustments of tax where the amount of property in use decreases or increases during the year. It would hardly be contended that if the defendant had purchased additional property in the early part of 1931, its tax should be increased for that year. It is equally unsound to reason that the junking of a locomotive, or the abandonment of other equipment, whether small or great in value, requires a proportionate reduction in the amount of the tax. The statute makes no such provision in either case, but applies a definite measure which takes no account of the value or amount of property actually in use. Instead the vital factor is the amount of gross receipts produced, and if the addition of valuable operative property produces no increase in gross receipts, as may frequently be the case, there will be no increase in tax, despite the fact that this operative property is in use, and thereby exempt from local taxation. And there is no injustice in this system to the average or usual taxpayer, for it may be assumed that normally a substantial reduction in the amount of operative property will be followed by a substantial decrease in gross returns, and the ensuing years will equalize any apparent injustice in the particular tax.

The judgment is affirmed.

Rehearing denied.